UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CLUSTER TECHNOLOGY, INC., | ) | CASE NO. 05-63325-REB |
| | ) | |
| Debtor. | ) | JUDGE BRIZENDINE |
| | ) | |

### TRUSTEE'S FIRST MOTION TO OBTAIN CREDIT UNDER 11 U.S.C. § 364(b)

S. Gregory Hays, as trustee in the case captioned above (the "Trustee"), hereby moves under 11 U.S.C. § 364(b) for authority to borrow $10,000 from Mr. James J. Gibson, Jr. or his affiliate ("Mr. Gibson"), under the terms set forth below, including allowance and payment under 11 U.S.C.§ 503(b)(1)(A), subordinated as set forth below. The Trustee represents:

Background

1. The debtor commenced this case under chapter 7 on February 22, 2005.

2. The Trustee was appointed interim trustee in the normal course of business after the case commencement, and became permanent trustee by operation of 11 U.S.C. § 702(d) (no election at first meeting of creditors).

3. The estate currently contains no cash or property that may easily collected or reduced to money.

4. The Trustee's initial investigation of the debtor's final affairs, as required under 11 U.S.C. § 704(4), indicates potential avoidances and other causes of action that need further investigation.

5. The Trustee seeks to pay his lawyers to perform that investigation.

6. This motion seeks authority to borrow the money to fund the next stage of an investigation; if after that stage the Trustee concludes that there is need for further investigation

168163.doc

or legal efforts to collect property of the estate, then the Trustee may seek to borrow more money and will return to court for further authorization.

## This Loan

7. The Trustee now seeks to borrow $10,000 from Mr. Gibson through an agreement memorialized in attached **Exhibit A**.

8. The debtor's schedules list Mr. Gibson as the holder of an unsecured, nonpriority claim in the amount of $2,000,000, arising from a judgment, which claim is not listed as contingent, unliquidated, or disputed.

9. According to the debtor's schedules, Mr. Gibson's claim comprises over half the total nonpriority unsecured claims.

10. Among the financial affairs that require further investigation are the transfers from the debtor of a patent and other intellectual property concerning a spinal decompression device known as the DRS System and the rights to the Polar Powder mark, a therapeutic magnetic cold pack.

11. Mr. Gibson has disclosed to the Trustee that he is a former officer of the Debtor and a current principal in Axiom Worldwide, Inc., which manufactures a product that competes with the Debtor's product. The Trustee has expressly advised counsel for Mr. Gibson that the fact that Mr. Gibson has agreed to advance money as a loan to the Trustee does not impose any restrictions on the Trustee whatsoever with respect to investigating or pursuing claims of the estate against any entity or persons who have interacted with the Debtor, including Mr. Gibson or any affiliates of Mr. Gibson.

12. The most important aspects of the attached agreement are as follows:

(i) The loan will bear interest at 8% per annum.
(ii) The obligations of the loan will be an allowed administrative expense under 11 U.S.C § 503(b)(1)(A).
(iii) The loan will be repaid in the normal course of payment of 11 U.S.C. 503(b)(1)(A) expense, except that payment of the loan will be subordinated to payment in full of 11 U.S.C. § 503(b)(2) claims, namely, compensation and reimbursement awarded under 11 U.S.C. § 330(a).
(iv) Mr. Gibson does not through this loan waive any right to object to any request for compensation under 11 U.S.C. § 330 in whole or in part.

**WHEREFORE** the Trustee requests entry of the attached proposed order authorizing the obtaining of unsecured credit under 11 U.S.C. 364(b), and such further relief as is just.

This 22nd day of April, 2005.

LAMBERTH, CIFELLI, STOKES
  & STOUT, P.A.
Attorneys for the Trustee

_/s/ Gregory D. Ellis___
  Gregory D. Ellis
  Georgia Bar No. 245310
3343 Peachtree Road, NE
East Tower, Suite 550
Atlanta, GA 30326
404-262-7373

# EXHIBIT "A" FOLLOWS

## AGREEMENT FOR 11 U.S.C. § 364(b) LOAN

This is the agreement between Mr. James J. Gibson, Jr. as lender, ("Mr. Gibson") and S. Gregory Hays (the "Trustee"), as trustee in <u>In re Cluster Technology, Inc.</u>, Bankr. N.D. Ga. Ch. 7 case no. 05-63325-reb (the "Bankruptcy Case") and as borrower.

### A. Recitals

Mr. Gibson and the Trustee (collectively, the "Parties") agree that the following facts are true:

1. The debtor commenced this case under chapter 7 on February 22, 2005.

2. The Trustee was appointed interim trustee in the normal course of business after the case commencement, and became permanent trustee by operation of 11 U.S.C. § 702(d) (no election at first meeting of creditors).

3. The debtor's schedules list Mr. Gibson as the holder of an unsecured, nonpriority claim in the amount of $2,000,000, arising from a judgment, which claim is not listed as contingent, unliquidated, or disputed.

4. According to the debtor's schedules, Mr. Gibson's claim comprises over half the total nonpriority unsecured claims.

### B. Covenants

The Parties agree to the following covenants:

5. Subject to the final paragraph below, Mr. Gibson will lend the Trustee, for the benefit of the estate in the Bankruptcy Case, the principal amount of $10,000.00

6. Subject to the final paragraph below, Mr. Gibson will transfer the entire principal loan amount to the Trustee promptly upon entry of an order (the "Authorization Order") under 11 U.S.C. § 364(b) approving the transaction memorialized in this agreement, provided that (i) the Trustee may in his discretion request funding of the loan in whole or in part a later times, and (ii) Mr. Gibson shall have no obligation to transfer funds to the Trustee except while the Authorization Order is in effect.

7. The loan memorialized by this agreement (the "Loan") shall bear interest on the outstanding balance at the rate of 8% per annum.

8. The Trustee's obligations under this agreement shall be an allowed expense (the "Gibson Admin. Expense") of the estate under 11 U.S.C. § 503(b)(1)(A).

9. The Trustee shall have no personal liability for repayment of the Loan.

10. The Gibson Admin. Expense shall be subordinated in payment to the full payment of all allowed expenses under 11 U.S.C. § 503(b)(2) (compensation and reimbursement awarded under 11 U.S.C. § 330(a)).

11. Subject to the extent of the subordination set forth in the paragraph just above, the Gibson Admin. Expense shall be paid, to the extent estate funds are available, in the normal course of payment of 11 U.S.C. § 503(b)(1)(A) expenses, or earlier at the Trustee's sole discretion.

12. Mr. Gibson does not through the Loan or this agreement waive any right to object to any request for compensation under 11 U.S.C. § 330 in whole or in part.

13. Mr. Gibson consents to the jurisdiction of the court in the Bankruptcy Case for all purposes concerning the Loan and this agreement.

14. This agreement will be governed under Georgia law, except where governed under United States law.

15. Time is of the essence in this agreement.

16. Mr. Gibson shall have no obligation to fund the Loan unless the Authorization Order approves and authorizes all terms set forth above, including without limitation the allowance in full of the Gibson Admin. Expense.

Dated: April 14, 2005
Atlanta, GA

_____          _____
JAMES J. GIBSON, JR.                                    ~~UNITED STATES~~ TRUSTEE
                                                                            S. GREGORY HAYS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CLUSTER TECHNOLOGY, INC., | ) | CASE NO. 05-63325-REB |
| | ) | |
| Debtor. | ) | JUDGE BRIZENDINE |
| | ) | |

ORDER GRANTING
TRUSTEE'S FIRST MOTION TO OBTAIN CREDIT
UNDER 11 U.S.C. § 364(b) AND ALLOWING ADMINISTRATIVE EXPENSE

On April 22, 2005, S. Gregory Hays, as trustee in the case captioned above (the "Trustee"), filed a motion (the "Motion") (docket no. 18), under 11 U.S.C. § 364(b) for authority to borrow $10,000 from Mr. James G. Gibson, Jr. or his affiliate ("Mr. Gibson"), under terms set forth in **Exhibit "A"** attached to the Motion. A hearing on the Motion was scheduled and duly noticed for May 24, 2005. No objections were filed or voiced at the hearing.

The Motion shows good cause. Accordingly, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Trustee is hereby authorized under 11 U.S.C. § 364(b) to incur the debt as set forth in the agreement attached as **Exhibit "A"** to this order; and it is further

**ORDERED** that the "Gibson Admin. Expense," as defined in attached **Exhibit "A"**, shall be an allowed expense under 11 U.S.C. § 503(b)(1)(A) to the extent of all principal of credit extended and all interest as calculated in Exhibit "A"; and it is further

167264

**ORDERED** that the payment of the Gibson Admin. Expense shall be subordinated to full payment of all allowed expenses under 11 U.S.C. § 503(b)(2) (compensation and reimbursement awarded under 11 U.S.C. § 330(a)).

**IT IS SO ORDERED** this ___ day of _____, 2005.

_____
**ROBERT E. BRIZENDINE**
**UNITED STATES BANKRUPTCY JUDGE**

Order prepared by:

LAMBERTH, CIFELLI, STOKES
 & STOUT, P.A.
Attorneys for the Trustee

_/s/ Gregory D. Ellis___
   Gregory D. Ellis
   Georgia Bar No. 245310
3343 Peachtree Road, NE
East Tower, Suite 550
Atlanta, GA 30326
404-262-7373

**Parties to be served pursuant to BLR 9013-3(c)(2), N.D., Ga.:**

Office of the U.S. Trustee, 362 United States Courthouse, 75 Spring Street, SW, Atlanta, Georgia 30303;

S. Gregory Hays, Hays Financial Consulting, LLC, 3343 Peachtree Road NE, Suite 750, Atlanta, GA 30326;

Gregory D. Ellis, Lamberth, Cifelli, Stokes & Stout, P.A., East Tower, Suite 550, 3343 Peachtree Road NE, Atlanta, GA 30326;

George M. Geeslin, 3355 Lenox Road, Suite 875, Atlanta, GA 30326-1357;

William L. Rothschild, Ellenberg, Ogier & Rothschild, 170 Mitchell Street SW, Atlanta, GA 30303-3424;

Richard K. O'Donnell, Law Office of Richard K. O'Donnell, 555 Lakemont Court, Roswell, GA 30075.

168278

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | :    CHAPTER 7 |
| CLUSTER TECHNOLOGY, INC., | : |
| | :    CASE NO.  05-63325-REB |
| Debtor. | : |
| | :    JUDGE BRIZENDINE |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that S. Gregory Hays, as Chapter 7 Trustee in the case captioned above (the "Trustee"), has filed TRUSTEE'S FIRST MOTION TO OBTAIN CREDIT UNDER 11 U.S.C. §346(b) (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in **Courtroom 1202**, United States Courthouse, 75 Spring Street, SW, Atlanta, GA 30303, at **1:30 p.m.**, on the **24th day of May, 2005.**

Your rights may be affected by the Court's ruling on this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days

168242.wpd

before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Spring Street, S.W., Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Notice dated this 22nd day of April, 2005.

>LAMBERTH, CIFELLI, STOKES
>  & STOUT, P.A.
> Attorneys for the Trustee
>
> By:    /s/ Gregory D. Ellis
>        Gregory D. Ellis
>        Georgia Bar No. 245310

3343 Peachtree Road, NE
East Tower, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373

168242.wpd

CERTIFICATE OF SERVICE

    This is to certify that on April 22, 2005, the undersigned served a true and correct copy of the foregoing TRUSTEE'S FIRST MOTION TO OBTAIN CREDIT UNDER 11 U.S.C. § 364 (b) and NOTICE OF HEARING by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

> Office of the U.S. Trustee
> 362 United States Courthouse
> 75 Spring Street, SW
> Atlanta, Georgia 30303
>
> S. Gregory Hays
> Hays Financial Consulting, LLC
> 3343 Peachtree Road NE, Suite 750
> Atlanta, GA 30326
>
> George M. Geeslin
> 3355 Lenox Road
> Suite 875
> Atlanta, GA 30326-1357
>
> William L. Rothschild
> Ellenberg, Ogier & Rothschild
> 170 Mitchell Street SW
> Atlanta, GA 30303-3424
>
> Richard K. O'Donnell
> Law Office of Richard K. O'Donnell
> 555 Lakemont Court
> Roswell, GA 30075

This 22nd day of April, 2005.

                                                              /s/ Gregory D. Ellis
                                                               Gregory D. Ellis

168242.wpd