IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CLUSTER TECHNOLOGY, INC., | : | CASE NO. 05-63325 |
| | : | |
| Debtor. | : | JUDGE BRIZENDINE |
| _____ | : | |

**RENEWED AND REVISED MOTION TO OBTAIN CREDIT UNDER 11 U.S.C. §364(b)**

COMES NOW S. Gregory Hays, the Chapter 7 trustee ("Trustee") in the above-captioned case, by and through the undersigned counsel, and hereby files this "Renewed and Revised Motion to Obtain Credit Under 11 U.S.C. §364(b)" (the "Revised Motion"). In support of the Revised Motion, the Trustee shows the Court as follows:

**Jurisdiction**

1.	This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.	On February 22, 2005, Cluster Technology, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (as amended, modified, or supplemented, the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court").

3.	S. Gregory Hays is the duly qualified and appointed Trustee for the Debtor.

4.	The Debtor has ceased all operations and the estate contains no cash or assets that may be collected or reduced to cash.

5. The Trustee's initial review of the Debtor's financial affairs uncovered potential avoidance actions and other causes of action that warranted further scrutiny and investigation.

6. On April 22, 2005, the Trustee filed his "Trustee's First Motion to Obtain Credit Under 11 U.S.C. §364(b)" (the "Initial Credit Motion"). In the Initial Credit Motion, the Trustee requested entry of an order authorizing the estate to borrow $10,000.00 from James J. Gibson, Jr. (the "Lender"), to cover expenses incurred to in investigate potential causes of action.

7. On May 20, 2005, the Debtor filed an objection to the Initial Credit Motion, in which parties asserting to be major creditors in this case, North American Medical Corporation ("NAM"), Carlos Becerra, the Chief Executive Officer of NAM, and David Williams, an officer of the Debtor, joined.

8. On June 14, 2005, the Trustee filed his response to the objection filed by the Debtor (the "Response"). The Initial Credit Motion, Objection, and Response are fully incorporated herein by reference.

9. A status hearing on the status of the Initial Credit Motion was held before the Court on June 14, 2005, in which the Trustee advised the Court that the Trustee was negotiating a revised credit agreement with the Lender, and anticipated that the Trustee would be filing a renewed and revised motion to obtain credit and that no determination of the Initial Credit Motion needed to be made by the Court pending the submission of the renewed and revised motion. Accordingly, the Court has not received any evidence or considered any argument on this matter.

10. The Debtor's bankruptcy schedules list Lender as the holder of an unsecured, nonpriority claim in the amount of $2,000,000.00 arising from a judgment which is not listed as contingent, unliquidated, or disputed by the Debtor. As shown in the Response, the judgment

177809.doc

arises from a settlement agreement dated June 20, 2003 executed in connection with a lawsuit styled <u>Cluster Technology Corp. and Universal Pain Technology, Inc. v. James J. Gibson, Jr., Axiom Worldwide, Inc., Nicholas Exarhos and Pain Technology Sales, Inc.</u>, Case No. 01007821, Division J, Circuit Court of Hillsborough County, Florida (the "Settlement Agreement").  The judgment of the Lender against the Debtor is hereafter referred to as the "Claim".

11. The Lender is a former officer of the Debtor and current principal of Axiom Worldwide, Inc. ("Axiom").  Axiom is a competitor of NAM.

12. On August 22, 2005, the Trustee filed this Revised Motion requesting approval of the "Loan Agreement in Accordance with 11 U.S.C. §364(b)" (the "Agreement") under which the Lender agreed to provide a line of credit up to the amount of $250,000.00 (the "Line of Credit") to fund costs, fees, and expenses incurred by the Trustee and his professionals to investigate and pursue, by whatever method deemed appropriate by the Trustee, in his sole discretion, causes of action including, without limitation, avoidance actions.

13. The Lender has agreed, subject to Bankruptcy Court approval and the terms and conditions set forth herein, to provide the Line of Credit.

**Relief Requested**

15. By this Revised Motion, the Trustee requests that the Court enter an order authorizing the Trustee to enter into the Agreement and utilize a line of credit up to $250,000.00 to fund professional fees, costs and expenses (including experts) to fund the prosecution and investigation of Debtor's causes of action, whether known or unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, unsecured, and whether asserted or assertable directly or derivatively, in law, equity, or otherwise, including without limitation, any claim or cause of action arising out of

3

or maintainable pursuant to §§510, 542, 543, 544, 546, 547, 548, 549, 550 or 553 of the Bankruptcy Code or under any other similar applicable law ("Estate Actions").

16. A copy of the Agreement is attached hereto and incorporated herein by reference as Exhibit "A". The key terms of the Agreement are summarized below:

(a) The Lender agrees, on the terms and conditions hereinafter set forth in the Agreement, to establish and fund a line of credit up to $250,000.00 (the "Line of Credit") to be used by the Trustee and his professionals solely for the purpose of investigating and prosecuting Estate Actions in the manner deemed appropriate by the Trustee.

(b) Funds will be provided upon request by the Trustee on an installment basis. The Lender has approved the initial installment in the amount of $40,000.00, which will be payable once the Agreement is authorized by the Court. Future installments may be requested at any time thereafter in an amount not exceeding $30,000.00 per installment. Any advances shall bear interest at the rate of 8% per annum.

(c) All subsequent installments will be subject to the Lender's approval and the Lender may deny any request for advances against the Line of Credit and/or terminate the Agreement at any time in his sole discretion.

(d) In the event the Lender terminates the Agreement, the Trustee will have the right to continue to pursue any and all Estate Actions.

(e) The Agreement shall have no effect on the right of the Trustee to obtain alternate financing and/or secure a contingency agreement with an attorney to prosecute any Estate Action.

(f) Any and all funds advanced by the Lender under this Agreement shall be treated as an priority administrative expense claim under 11 U.S.C. §503(b)(1)(A) (the "Administrative Expense Claim") payable from any assets of the Debtor, including, without limitation, any funds recovered as a result of the pursuit, litigation, recovery, or settlement of Estate Actions.

(g) Neither the Trustee nor his professionals shall be personally liable for repayment of the Line of Credit.

(h) The Administrative Expense Claim shall be subordinated in payment to the full payment of all allowed expenses under 11 U.S.C. §503(b)(2) (compensation and reimbursement awarded under 11 U.S.C. §330(a)).

4

(i) Lender consents to the jurisdiction of the Bankruptcy Court for all purposes concerning the Agreement.

(j) The Agreement will be governed under Georgia law, except where governed under United States law.

(k) Lender shall have no obligation to fund the Line of Credit unless the Bankruptcy Court enters an order approving the Revised Motion authorizing the Trustee to obtain financing in accordance with this Agreement.

(l) The Claim of Lender shall be allowed as general unsecured claims, without interest.

(m) The Lender agrees that he shall not receive any distribution on account of his Claim until holders of allowed general unsecured claims, excluding the Claim, have, to the extent such claims are greater than $250,000.00, received collectively an aggregate amount of $250,000.00.

(n) Lender shall be allowed to credit bid at any auction or other disposition of property of the estate of the Debtor an amount equal to the amount under the Agreement which remains due and owing as of the date of action or other disposition of estate property.

## Basis for Relief

17. The estate has no cash or assets that may be reduced to cash in order to fund the investigation and pursuit of avoidance actions and other causes of action which the estate may have against creditors, insiders, or third parties. The Lender is willing to provide the funds needed to pursue such actions as the Trustee deems appropriate in accordance with and subject to approval of the Agreement.

18. The Trustee is unable to obtain financing from other sources. The fact that the Lender is listed as a creditor holding a general, unsecured, undisputed non-priority claim in the amount of $2,000,000.00 does not in and of itself preclude the Trustee from seeking and receiving financing from the Lender as contemplated under the Agreement.

19. As set forth in the Response, the Settlement Agreement entered into on or about June 30, 2003, released all claims and/or actions against the Gibson Released Parties[1].

---

[1] Gibson Released Parties shall have the meaning set forth in the Response.

Moreover, absent an express or implied agreement limiting a trustee's ability to pursue actions, financing from a creditor and potential adversary defendant is not precluded if such financing is the sole source of funds available to the trustee.  In re McKenzie Energy Corp., 228 B.R. 854 (Bankr. S.D. Tex. 1998); In re Hartley, 39 B.R. 273 (Bankr. N.D. Oh. 1984).

**WHEREFORE**, the Debtors pray that this Court enter an order granting the Revised Motion and such other and further relief as the Court deems appropriate.

Respectfully submitted, this 22nd day of August, 2005.

                                        LAMBERTH, CIFELLI, STOKES
                                       & STOUT, P.A.
                                      Attorneys for Trustee


                                    By:   /s/ Gregory D. Ellis
                                         Gregory D. Ellis
                                         Georgia Bar No. 245310
                                         M. Denise Dotson
                                         Georgia Bar No. 227230

3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373

177809.doc

# EXHIBIT "A" FOLLOWS

## LOAN AGREEMENT IN ACCORDANCE WITH 11 U.S.C. §364(b)

THIS Loan Agreement in Accordance With 11 U.S.C. §364(b) (the "Agreement") is made and entered into as of Au̲g̲ 2̲2̲, 2005, by and between S. Gregory Hays in his capacity as the duly qualified and appointed Chapter 7 trustee for the bankruptcy estate of Cluster Technology, Inc. (the "Trustee") and James J. Gibson, Jr. ("Lender").

### Recitals

WHEREAS, on February 22, 2005, Cluster Technology, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (as amended, modified, or supplemented, the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court");

WHEREAS, S. Gregory Hays is the duly qualified and appointed Trustee;

WHEREAS, the Debtor has ceased all operations and the estate contains no cash or assets that may be collected or reduced to cash;

WHEREAS, the Trustee's initial review of the Debtor's financial affairs uncovered potential avoidance actions and other causes of action that warranted further investigation;

WHEREAS, on April 22, 2005, the Trustee filed his "Trustee's First Motion to Obtain Credit Under 11 U.S.C. §364(b)" (the "First Credit Motion");

WHEREAS, in the First Credit Motion the Trustee requested entry of an order authorizing the estate to borrow $10,000.00 from the Lender, to cover expenses incurred to in investigate potential causes of action;

WHEREAS, the Debtor's bankruptcy schedules list Lender as the holder of an unsecured, nonpriority claim in the amount of $2,000,000.00 arising from a judgment which is not listed as contingent, unliquidated, or disputed by the Debtor;

WHEREAS, the Lender is a former officer of the Debtor and current principal of Axiom Worldwide, Inc.;

WHEREAS, an objection to the Initial Credit Motion was filed by the Debtor on May 20, 2005, in which parties asserting to be major creditors in the Debtor's bankrupcty case, North American Medical Corporation ("NAM"), Carlos Becerra, the Chief Executive Officer of NAM, and David Williams, an officer of the Debtor, joined;

WHEREAS, a status hearing on the status of the Initial Credit Motion was held before the Court on June 14, 2005, in which the Trustee advised the Court that the Trustee was negotiating a revised credit agreement with the Lender, and anticipated that the Trustee would be filing a renewed and revised motion to obtain credit;

177810.doc

WHEREAS, the Trustee has requested that the Lender provide a line of credit up to the amount of $250,000.00 (the "Line of Credit") to fund costs, fees, and expenses incurred by the Trustee and his professionals to investigate and pursue by whatever method deemed appropriate by the Trustee, in his sole discretion, causes of action including, without limitation, avoidance actions; and

WHEREAS, the Lender has agreed, subject to the terms and conditions set forth herein, to provide the Line of Credit.

Accordingly, the parties hereby agree, subject to Bankruptcy Court approval, as follows:

**Terms and Conditions**

(a)     The Lender hereby agrees, on the terms and conditions set forth in this Agreement, to establish and fund the Line of Credit to be used by the Trustee and his professionals solely for the purpose of prosecuting and investigating Debtor's causes of action, whether known or unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, unsecured, and whether asserted or assertable directly or derivatively, in law, equity, or otherwise, including without limitation, any claim or cause of action arising out of or maintainable pursuant to §§510, 542, 543, 544, 546, 547, 548, 549, 550 or 553 of the Bankruptcy Code or under any other similar applicable law ("Estate Actions").

(b)     Funds will be provided upon request by the Trustee on an installment basis. Within ten business days after entry of an order by the Bankruptcy Court authorizing the Trustee to borrow funds under the terms of this Agreement, the Lender shall make an initial advance in the amount of $40,000.00.

(c)     Future advances may be requested at any time by the Trustee and in an amount not exceeding $30,000.00 per each advance. All advances other than the initial advance are subject to the Lender's approval in his sole discretion and, subsequent to the funding of the initial advance, the Lender may deny any request for advances against the Line of Credit and/or terminate this Agreement at any time in his sole discretion.

(d)     In the event the Lender terminates this Agreement, the Trustee may continue to pursue any and all Estate Actions.

(e)     Nothing contained in this Agreement shall limit the right of the Trustee to obtain alternate financing and/or secure a contingency agreement with an attorney to prosecute any Estate Action.

(f)     Any and all funds advanced by the Lender under this Agreement shall be allowed as a priority administrative expense claim under 11 U.S.C. §503(b)(1)(A) (the "Administrative Expense Claim") payable from any assets of the Debtor, including, without limitation, funds recovered due to the Trustee's pursuit of Estate Actions.

(g) Neither the Trustee nor his professionals shall be personally liable for repayment of the Line of Credit.

(h) The Administrative Expense Claim shall be subordinated in payment to the full payment of all allowed expenses under 11 U.S.C. §503(b)(2) (compensation and reimbursement awarded under 11 U.S.C. §330(a)).

(i) The claims of Lender set forth in the Debtor's bankruptcy schedules listing Lender as the holder of an unsecured, nonpriority claim in the amount of $2,000,000.00 shall be allowed as general unsecured claims, without interest (hereafter "Claim").

(j) The Lender agrees that he shall not receive any distribution on account of his Claim until holders of allowed general unsecured claims, excluding the Claim, have, to the extent such claims are greater than $250,000.00, received collectively an aggregate amount of $250,000.00.

(k) Lender shall be allowed to credit bid at any auction or other disposition of estate property an amount equal to the funds advanced under this Agreement which remain due and owing as of the date of action or other disposition of estate property.

(l) Lender consents to the jurisdiction of the Bankruptcy Court for all purposes concerning this Agreement.

(m) This agreement may be executed in counterparts and by facsimile.

(n) This agreement will be governed under Georgia law, except where governed under United States law.

(o) Time is of the essence in this agreement.

IN WITNESS WHEREOF, the Trustee and the Lender have caused this Loan Agreement to be duly executed as of the date first above written.

BORROWER:

S. GREGORY HAYS in his capacity as Chapter 7 Trustee for the bankruptcy estate of Cluster Technology, Inc.

_____

LENDER:

JAMES J. GIBSON, JR.

_____

-3-

177810.doc

## **CERTIFICATE OF SERVICE**

This is to certify that I, M. Denise Dotson, have this date caused to be served a true and correct copy of the foregoing documents by first class United States mail in a properly addressed envelope with sufficient postage affixed thereto to assure delivery upon the parties listed below:

United States Trustee
362 Richard B. Russell Federal Building
75 Spring Street
Atlanta, GA 30303

Hays Financial Consulting, LLC
S. Gregory Hays
3343 Peachtree Road NE, Suite 750
Atlanta, GA 30326

George M. Geeslin
3355 Lenox Road
Suite 875
Atlanta, GA  30326-1357

Ellenberg, Ogier & Rothschild
William L. Rothschild
170 Mitchell Street SW
Atlanta, GA 30303-3424

Law Office of Richard K. O'Donnell
Richard K. O'Donnell
555 Lakemont Court
Roswell, GA 30075

This 22nd day of August, 2005

      /s/ M. Denise Dotson
M. Denise Dotson

177809.doc